**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 23, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.**     **2020AP233**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CF12

**IN COURT OF APPEALS
DISTRICT III**

IN RE THE FINDING OF CONTEMPT IN:

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

LAMONDO D. TURRUBIATES,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dunn County: ROD W. SMELTZER, Judge. *Affirmed in part; reversed in part*.

¶1     STARK, P.J.[1] Lamondo Turrubiates appeals from an order that: (1) compelled him to disclose his cell phone passcode to law enforcement;

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

and (2) found him in contempt and ordered him imprisoned as a remedial sanction after he refused to comply with the order to compel. Turrubiates argues that the order to compel violated his Fourth Amendment rights because at the time he was ordered to provide his cell phone passcode, police had not yet obtained a warrant to search his phone. Turrubiates also argues that the contempt order must be reversed because the circuit court failed to follow the mandatory statutory procedures for holding him in contempt and imposing a remedial sanction.

¶2      We reject Turrubiates' argument regarding the order to compel because the record shows that the State has now obtained a warrant to search his cell phone. As such, the factual basis for Turrubiates' only claim that the order to compel violated his Fourth Amendment rights no longer exists. Turrubiates' Fourth Amendment argument therefore fails, and we affirm that portion of the circuit court's order compelling Turrubiates to provide his passcode to police. We agree with Turrubiates, however, that the court failed to follow the mandatory statutory procedures for holding him in contempt and imposing a remedial sanction. Accordingly, we reverse that portion of the court's order that held Turrubiates in contempt and ordered him imprisoned as a remedial sanction for his failure to provide the passcode.

## BACKGROUND

¶3      On January 5, 2019, police interviewed Turrubiates about an alleged physical assault of his girlfriend, Hannah.[2] Following the interview, police arrested Turrubiates and seized his cell phone as evidence. The State subsequently

---

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4), we refer to the victim using a pseudonym.

filed a criminal complaint charging Turrubiates with multiple offenses stemming from the alleged physical assault. The State later filed an amended criminal complaint with additional charges alleging that Turrubiates had sexually assaulted Hannah.

¶4 On February 13, 2019, the State moved the circuit court for an order compelling Turrubiates to disclose his cell phone passcode to law enforcement. It is undisputed that the State did not apply for or obtain a warrant to search Turrubiates' cell phone before filing its motion to compel.

¶5 The circuit court held a combined preliminary hearing and hearing on the State's motion to compel on May 24, 2019. During the hearing, Officer DeMarcus Zeroth of the City of Menomonie Police Department testified regarding Hannah's allegations that Turrubiates had physically and sexually assaulted her. Zeroth also testified that when he interviewed Turrubiates about those allegations on January 5, Turrubiates asserted that he was actually the victim, and he showed Zeroth a video on his cell phone that he claimed supported his side of the story. According to Zeroth, the video showed Hannah nude in the back seat of a vehicle. Turrubiates was in the front seat recording her, and she "kept telling him to turn the recording off and … kept trying to get past him to get to the phone."

¶6 Turrubiates told Zeroth that he had "numerous videos" on his phone of Hannah "acting crazy." Hannah, however, told Zeroth that Turrubiates would record her after "incidents happened … to make her look crazy," and that he had recorded her while she was nude after having sexually assaulted her. Zeroth testified that although he had seized Turrubiates' phone at the time of his arrest,

law enforcement had been unable to access the phone because it was passcode protected and Turrubiates had refused to provide the passcode.

¶7 Following Zeroth's testimony, the circuit court granted bindover, concluding there was "sufficient testimony and evidence" to believe that Turrubiates had committed a felony. The court then granted the State's motion to compel, over Turrubiates' objection. The court reasoned that Hannah alleged she had been sexually assaulted, and there was evidence that Turrubiates' phone contained a video of a woman "sitting around nude in the middle of winter in a car" during the same time frame as the alleged assault. The court therefore stated the video "could be circumstantial evidence that's tied to criminal behavior."

¶8 The circuit court then ordered Turrubiates to provide his cell phone passcode to law enforcement. After a brief recess, Turrubiates' attorney informed the court that Turrubiates would not provide the passcode. The State then asked the court to hold Turrubiates in contempt and to impose a sanction of thirty days in jail. The court found Turrubiates in contempt, and as a sanction it ordered him to remain in jail until he agreed to provide his passcode. The court also ordered that if the State chose to have a forensic team in Madison attempt to unlock the phone, Turrubiates would be responsible for the cost of that attempt.

¶9 The circuit court subsequently entered a written order compelling Turrubiates to provide his cell phone passcode and holding him in contempt for failing to do so. Turrubiates timely filed a notice of intent to pursue postdisposition relief. Thereafter, on August 28, 2019, the State obtained a warrant to search Turrubiates' cell phone. However, as of the time the parties filed their briefs in this appeal, the phone had not yet been searched. On

September 30, 2019, the circuit court issued an order staying Turrubiates' contempt sanction pending the disposition of this appeal.

## DISCUSSION

### I. Order compelling Turrubiates to provide his cell phone passcode

¶10 On appeal, Turrubiates first argues that the circuit court erred by compelling him to provide his cell phone passcode to police. He contends the court's order was unlawful because under the Fourth Amendment, "a warrant is required to search a cell phone, even if the [phone's owner] is under arrest." *See* ***Riley v. California***, 573 U.S. 373, 401 (2014) (holding that "a warrant is generally required before [a law enforcement search of a cell phone], even when a cell phone is seized incident to arrest"). Turrubiates therefore asserts that "[i]f police wish to search a cell phone without the owner's consent, they must obtain a warrant." He contends the court's conclusion that his phone contained potentially relevant evidence "does not overcome the Fourth Amendment's warrant requirement." In his reply brief, Turrubiates similarly asserts that the court's order to compel was "invalid" because "there was no warrant to search the phone."

¶11 Turrubiates is correct that at the time the circuit court ordered him to provide his cell phone passcode, law enforcement had not yet obtained a warrant to search his phone. However, the record shows that police obtained a warrant to search the phone in August 2019. Turrubiates' sole claim that the court erred by compelling him to provide his passcode was premised on the fact that police had not yet obtained a search warrant, as he argued that a warrantless search of his phone would violate the Fourth Amendment. Given that police have now obtained a search warrant, the central factual basis for Turrubiates' argument no longer exists. Turrubiates' argument that the order to compel was "invalid" because it

would have permitted law enforcement to conduct an unconstitutional warrantless search of his phone therefore fails. As Turrubiates does not develop any other argument that the court erred by ordering him to disclose his passcode, we affirm that portion of the court's order compelling him to do so.[3]

## II. Contempt order

¶12 Turrubiates next argues that the circuit court erred by holding him in contempt and imposing jail time as a remedial sanction for his refusal to comply with the order to provide his cell phone passcode. He contends the contempt order must be reversed because the court failed to follow the mandatory statutory procedures for holding him in contempt and imposing a remedial sanction. We agree.

¶13 "Contempt of court" includes the intentional disobedience of a court order. WIS. STAT. § 785.01(1)(b). A court may impose either a punitive or a

---

[3] As noted above, Turrubiates makes a single argument on appeal challenging the circuit court's order compelling him to provide his cell phone passcode—i.e., that the order was invalid because police did not have a warrant to search his phone. Turrubiates does not develop any argument that he had a separate privacy interest in the passcode itself, distinct from his privacy interest in the contents of the phone, that was protected by the Fourth Amendment. Nor does he develop an argument that police were required to obtain a warrant in order to "seize" his passcode from him. Accordingly, we need not—and do not—address those issues. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 (we will not abandon our neutrality to develop arguments for a party).

We also observe that in the circuit court, the parties addressed whether an order compelling Turrubiates to provide his cell phone passcode would violate his Fifth Amendment right against self-incrimination. Turrubiates has not developed any argument regarding the Fifth Amendment on appeal, and, in fact, he affirmatively asserts that this court "need not reach" that issue. We therefore deem Turrubiates to have abandoned his argument that the order to compel violated his Fifth Amendment right against self-incrimination. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (an issue raised in the circuit court, but not raised on appeal, is deemed abandoned).

remedial sanction for contempt of court. WIS. STAT. § 785.02. A punitive sanction is "a sanction imposed to punish a past contempt of court for the purpose of upholding the authority of the court." Sec. 785.01(2). A remedial sanction is "a sanction imposed for the purpose of terminating a continuing contempt of court." Sec. 785.01(3). The parties agree that the circuit court's sanction in this case—i.e., that Turrubiates would remain in jail until he complied with the order to provide his cell phone passcode—was a remedial sanction.

¶14 Whether the circuit court followed the proper procedure in exercising its contempt power is a question of law that we review independently. *Evans v. Luebke*, 2003 WI App 207, ¶16, 267 Wis. 2d 596, 671 N.W.2d 304. The procedure for imposing a remedial sanction for contempt is set forth in WIS. STAT. § 785.03(1)(a), which states: "A person aggrieved by a contempt of court may seek imposition of a remedial sanction for the contempt by filing a motion for that purpose in the proceeding to which the contempt is related. The court, after notice and hearing, may impose a remedial sanction authorized by this chapter."

¶15 Thus, before a court may impose a remedial sanction for contempt, an aggrieved party must file a motion seeking the imposition of a remedial sanction. *Id.*; *see also Evans*, 267 Wis. 2d 596, ¶23. The court must then provide notice and hold an evidentiary hearing on the aggrieved party's motion "for due process purposes." *Evans*, 267 Wis. 2d 596, ¶24 (citation omitted). The hearing must be "sufficient to permit the court to make specific findings regarding whether the alleged contemnor intentionally disobeyed its orders." *Id.*, ¶25.

¶16   In this case, the State never filed a motion seeking the imposition of a remedial sanction for Turrubiates' failure to comply with the order to provide his cell phone passcode.[4]   Moreover, the circuit court failed to hold an evidentiary hearing before it found Turrubiates in contempt and imposed a remedial sanction.[5] In addition, as Turrubiates notes, the court did not apply the substantive contempt standard set forth in WIS. STAT. § 785.01(1)(b) by making a factual finding that he had *intentionally* disobeyed a court order.   Under these circumstances, we agree with Turrubiates that the court failed to follow the procedures required by WIS. STAT. § 785.03(1)(a), and its contempt order must therefore be reversed.   *See Evans*, 267 Wis. 2d 596, ¶3 (reversing a contempt order where the circuit court failed to hold an evidentiary hearing as required by § 785.03(1)(a)).

¶17   Citing *Evans*, the State argues that its motion to compel Turrubiates to provide his cell phone passcode "was sufficient to satisfy the filing requirement under WIS. STAT. § 785.03."   In *Evans*, we concluded that an aggrieved party's motions constituted motions for remedial sanctions under § 785.03(1)(a), even though they were not captioned as such, because they alleged that the contemnor had violated a court order and asked the court to impose various remedies for that contempt.   *Evans*, 267 Wis. 2d 596, ¶23.   Here, in contrast, the State's motion to

---

[4] Although the State orally requested during the May 24, 2019 hearing that the circuit court hold Turrubiates in contempt, the State did not file a written contempt motion seeking a remedial sanction.  The State does not develop any argument on appeal that its oral request for contempt satisfied the requirement in WIS. STAT. § 785.03(1)(a) that an aggrieved party "seek imposition of a remedial sanction … by filing a motion for that purpose in the proceeding to which the contempt is related."   Again, we will not abandon our neutrality to develop that argument on the State's behalf.   *See Industrial Risk Insurers*, 318 Wis. 2d 148, ¶25.

[5] An evidentiary hearing is not necessary when the parties stipulate on the record to facts that would support the necessary findings to impose a remedial sanction.  *See Evans v. Luebke*, 2003 WI App 207, ¶¶24-25, 267 Wis. 2d 596, 671 N.W.2d 304.  However, no such stipulation occurred here.

compel requested only one thing—an order compelling Turrubiates to disclose his cell phone passcode. The motion did not allege that Turrubiates had violated a court order, nor did it ask the court to impose any sanction for such a violation. The State's reliance on *Evans* is therefore misplaced.

¶18 The State also argues that the May 24, 2019 hearing—which functioned as both a preliminary hearing and a hearing on the State's motion to compel—was sufficient to fulfill the evidentiary hearing requirement in WIS. STAT. § 785.03(1)(a). We disagree. The evidence introduced during the May 24 hearing was relevant to two issues: (1) whether probable cause existed to believe that Turrubiates had committed a felony, *see* WIS. STAT. § 970.03(1); and (2) whether grounds existed to compel Turrubiates to provide his cell phone passcode to police. A hearing under § 785.03(1)(a) addresses a separate and distinct issue—namely, whether an individual intentionally disobeyed a court order, such that a remedial sanction should be imposed. *See Evans*, 267 Wis. 2d 596, ¶25. The evidence introduced during the combined hearing on May 24 did not pertain to that issue. As such, the May 24 hearing did not satisfy the hearing requirement under § 785.03(1)(a).

¶19 Finally, the State argues that because Turrubiates consented to the circuit court combining the preliminary hearing with the hearing on the motion to compel, he has waived any argument that the court erred by holding a combined hearing. This argument misses the mark. Turrubiates does not argue that the court erred by combining the preliminary hearing with the hearing on the motion to compel. In fact, he affirmatively asserts that he is *not* making that argument. Turrubiates instead argues that the court erred by failing to hold the evidentiary hearing required by WIS. STAT. § 785.03(1)(a). Turrubiates never consented to

combining that evidentiary hearing with his preliminary hearing and the hearing on the motion to compel. We therefore reject the State's waiver argument.

## CONCLUSION

¶20 In summary, we reject Turrubiates' sole argument challenging the order compelling him to provide his cell phone passcode to police, as it is undisputed that police have now obtained a warrant to search his cell phone. We therefore affirm that portion of the circuit court's order compelling Turrubiates to provide the passcode. However, because the court failed to follow the mandatory procedures set forth in WIS. STAT. § 785.03(1)(a), we reverse that portion of the court's order holding Turrubiates in contempt and ordering him imprisoned as a remedial sanction.

*By the Court.*—Order affirmed in part; reversed in part.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

10